UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                    Case no.: 17-23693-LMI

**Greenway, LLC,**                                                Chapter 11

      Debtor.
_____/

**INTERESTED PARTY GARY DOEHLA'S OBJECTION TO DAVID LLOYD
MERRILL'S MOTION TO CONTINUE HEARING [ECF 103]**

Interested party Gary Doehla ("Doehla"), through undersigned counsel, files this Objection to David Lloyd Merrill ("Merrill")'s Motion to Continue Hearing on Application for Compensation (the "Motion") [ECF 103], and states:

1. After notice and a hearing, this Court ordered that this case be Reopened [ECF 88] on September 17, 2020.  On September 25, 2020, this Court ordered [ECF 91] that Merrill file his Fee Application within thirty days.

2. On October 26, 2020, Merrill filed his Amended Disclosure of Compensation [ECF 94] and his Application for Compensation [ECF 95].

3. On October 26, 2020, the Court entered its Notice of Hearing [ECF 96] setting the hearing on the Application for Compensation for November 23, 2020.

4. On October 27, 2020, Merrill's paralegal contacted undersigned regarding a continuation of that hearing date due to a conflict with Merrill's schedule, and undersigned counsel agreed and helped coordinate the Agreed Motion to Continue Hearing on Application for Compensation [ECF 97].

5. On October 28, 2020, the entered an Order Granting Agreed Motion to Continue Hearing on Application for Compensation [ECF 98] which set the hearing for

1

December 2, 2020.

6. On November 27, 2020, undersigned counsel filed Interested Party Gary Doehla's Objection and Opposition Response to First and Final Fee Application of the Associates [ECF 95], Motion to Strike, and Motion to Disgorge (the "Objection"). As noted by the Motion, undersigned counsel filed the Objection on November 27, 2020, well before the deadline of 4:30 p.m. on November 30, 2020 (**today**), as set out by Local Rule 5005-1(F)(1).

7. Local Rule 5005-1(F)(1) states that "[m]emoranda, affidavits and other papers intended for consideration at any hearing already set before the court, shall be filed and served so as to be received by the movant and the court not later than 4:30 p.m. on the second business day prior to the hearing, or the papers may not be considered at the hearing… .

8. On November 28, 2020, this Court set the Objection for hearing at the same time as the hearing on the Fee Application: December 2, 2020 at 9:30 a.m. On November 30, 2020, undersigned counsel filed the Certificate of Service related to the Notice of Hearing.

9. Undersigned counsel has not made any personal attacks in the Objection, would never make any personal attacks in any filings, and strenuously objects to that characterization presented in the Motion at ¶ 2.

10. Undersigned counsel has never heard of Merrill's holiday schedule until today, and undersigned counsel purposefully filed the Objection well before the required deadline. Undersigned counsel objects to the premise that he "knew or should have known" Merrill's holiday schedule, and should have acted in some other way above and beyond already filing the objection earlier than demanded by Local Rules.

11. There is no legitimate reason to delay these proceedings any further.  The Application for Compensation [ECF 95] is properly set before this Court for hearing on December 2, 2020, at 9:30 a.m., after undersigned counsel agreed to one extension.  The Objection thereto was filed early and properly served.  As this Court stated at the hearing on September 16, 2020, a Fee Application may be required, and "[t]hen we'll determine the reasonableness of whatever fees are requested, and then the balance will be returned to Mr. Doehla or to whomever paid the retainer." [*See* Transcript, ECF 82 at 17:9-12].

12. At that hearing, the Court also stated that "[t]o the extend there's an objection, I'll deal with it at the time it's filed.  How's that?"  And Merrill responded: "[t]hat's great.  Thank you." [*Id*. at 18:24 – 19:3].  The Court *has already* indicated as to how it will deal with the Objection – by setting it for hearing at the same time as the Application for Compensation, and then making a ruling.

13. Merrill has filed his Fee Application, which necessarily states exactly what Merrill intended it to say.  Undersigned counsel has filed an objection on behalf of his client, well before the deadline set forth in the Local Rules.  The hearing is properly set and ready to go.  There is no purpose to be served by delaying these proceedings, other than unnecessary delay.

**WHEREFORE**, interested party Gary Doehla, through undersigned counsel, objects to the Motion to Continue Hearing [ECF 103], respectfully requests that the Court enter an order denying the Motion, and that the Court leaves the hearing as scheduled for December 2, 2020, at 9:30 a.m, and grant any further relief as this Court may deem just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications

3

to practice in this court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record in this case as listed on the electronic service systems with the Clerk of the Court for this this 30th day of November, 2020.

**FENDER, BOLLING, AND PAIVA, P.A.**

/*s/ Michael H. Bolling*_____
MICHAEL H. BOLLING, ESQ.
Florida Bar No. 0117626
*Attorney for Interested Party Gary Doehla*
2645 Executive Park Drive, Ste. 137
Weston, FL 33331
Telephone: (954) 618-1003
Email: michaelbollingpa@gmail.com

4